UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE PETITION TO CONFIRM ARBITRATION AWARD DATED JANUARY 11, 2021 | Civil Action No. 1:21-cv-01450 (JGK) |
| HYEGATE, LLC and its wholly owned subsidiaries, DAP, LLC; and ARAGATS PERLITE OJSC,<br><br>　　　　　Petitioners,<br>vs.<br><br>ASHOT BOGHOSSIAN, a/k/a Ashot Poghosyan,<br><br>　　　　　Respondent. | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO ENFORCE MONEY JUDGMENT**

　　　　　　　　　　　　　　　　　　　　　　**CHIESA SHAHINIAN & GIANTOMASI PC**
　　　　　　　　　　　　　　　　　　　　　　Eleven Times Square, 34th Floor
　　　　　　　　　　　　　　　　　　　　　　New York, NY 10036
　　　　　　　　　　　　　　　　　　　　　　(212) 973-0572
　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Petitioner Hyegate, LLC, and its wholly owned subsidiaries, DAP, LLC; and Aragats Perlite OJSC*

On the Brief:
　Adam K. Derman
　Daniel D. Barnes

4882-8102-4008.v3

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................. 1

FACTS ............................................................................................................................................ 2

A.     PETITIONERS PREVAILED IN AN ARBITRATION AGAINST RESPONDENT. ............................................................................................................. 2

B.     THIS COURT ISSUED A JUDGMENT CONFIRMING THE ARBITRATION AWARD. ................................................................................................ 3

C.     RESPONDENT OWNS SHARES IN GLOBAL GOLD CORP. ..................................... 3

ARGUMENT .................................................................................................................................. 4

A.     THIS COURT HAS THE AUTHORITY TO ENTER THE RELIEF SOUGHT. ........................................................................................................................ 4

B.     THIS COURT SHOULD ORDER PST TO CANCEL RESPONDENT'S CERTIFICATED SHARES AND ISSUE NEW SHARES TO PETITIONER HYEGATE. ............................................................................................... 6

    1.     PETITIONERS HAVE AN INTEREST IN THE PROPERTY THEY ARE TRYING TO REACH. ................................................................ 6

    2.     RESPONDENT IS ENTITLED TO POSSESS THE SHARES. ............................ 6

CONCLUSION ............................................................................................................................... 8

ii

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Allstar Marketing Group, LLC v. AFACAI,
    20 Civ. 8406 (JPC), 2021 WL 2555636 (S.D.N.Y. June 22, 2021) ..........................................5

Commodities & Mins. Enter. Ltd. v. CVG Ferrominera Orinoco, C.A.,
    423 F. Supp. 3d 45 (S.D.N.Y. 2019)........................................................................................6

CSX Transp., Inc. v. Island Rail Terminal, Inc.,
    879 F.3d 462 (2d Cir. 2018)......................................................................................................4

Koehler v. Bank of Bermuda, Ltd.,
    911 N.E.2d 825 (N.Y. 2009) .....................................................................................................5

Porina v. Marward Shipping Co., Ltd.,
    521 F.3d 122 (2d Cir. 2008)......................................................................................................5

**Statutes**

Federal Arbitration Act ...................................................................................................................2

**Other Authorities**

Fed. R. Civ. P. 69(a) ...................................................................................................................1, 4

N.Y. C.P.L.R. § 105(i).....................................................................................................................5

N.Y. C.P.L.R. § 5225(b)......................................................................................................4, 5, 6, 7

**PRELIMINARY STATEMENT**

Petitioner Hyegate, LLC, and its wholly owned subsidiaries, DAP, LLC; and Aragats Perlite OJSC (collectively "Petitioners" or the "Judgment Creditor") respectfully submit this Memorandum of Law in Support of their Motion to Enforce a Money Judgment against Respondent Ashot Boghossian, a/k/a Ashot Poghosyan ("Respondent" or the "Judgment Debtor"). Specifically, pursuant to Fed. R. Civ. P. 69(a), Petitioner seeks an Order to enforce the money judgment previously entered by this Court against Respondent by directing Pacific Stock Transfer Company to cancel Respondent's 7,211 certificated shares in Global Gold Corporation and issue new shares to Petitioner Hyegate, LLC ("Hyegate") in partial satisfaction of the Judgment against Respondent. Despite obtaining a Writ of Execution, an Order from this Court is necessary to enforce the Judgment.

On July 7, 2021, this Court entered a Judgment against Respondent in the amount of $415,914.55. To date, Respondent has not satisfied any portion of the money judgment against him. However, Petitioners have learned of an opportunity to recover a portion of the Judgment. Petitioners now know that Respondent is the record owner of 7,211 certificated shares (the "Shares") in Global Gold Corporation ("Global Gold"), a Delaware corporation with its principal place of business in Rye, New York, whose business is international gold mining and exploration. According to Yahoo! finance, the Shares are worth $7,211.00. To receive partial satisfaction from the Judgment Debtor, after service of a Writ of execution issued by this Court, Petitioners requested Global Gold's transfer agent, Pacific Stock Transfer Company ("PST") transfer the Shares to Petitioner Hyegate. However, PST, through its counsel, advised that it could only transfer the Shares to Hyegate through cancelation and reissuance because certificated shares, as paper instruments, can only be transferred physically, and Respondent likely has them in his

possession in Armenia. PST indicated that it is willing to cancel the certificated shares and convert them into electronic or certificated instruments that could be turned over to Hyegate as the Judgment Creditor. Accordingly, Petitioners move this Court to issue an Order to enforce the money Judgment against Respondent that includes an Order directing that PST cancel the certificated Shares in Global Gold issued in Respondent's name and issue new shares in Petitioner Hyegate's name.

For the reasons set forth below, Petitioners' motion should be granted.

## FACTS

**A.   Petitioners Prevailed In An Arbitration Against Respondent.**[1]

Petitioners prevailed in an arbitration against Respondent in the City of New York, County of New York, State of New York, initiated by Petitioners on January 3, 2020, culminating in a Final Award, dated December 11, 2020 (the "Award"). The arbitration was captioned, "HYEGATE, LLC and its wholly owned subsidiaries DAP, LLC and ARAGATS PERLITE, OJSC Claimants, v. ASHOT BOGHOSSIAN (a.k.a. Ashot Poghosyan) Respondent," and conducted before an arbitrator appointed under the auspices of the International Centre for Dispute Resolution of the American Arbitration Association (the "AAA"), operating pursuant to the AAA's Commercial Arbitration Rules.

The Award required, among other things, that Respondent pay Petitioners $354,602.05 within thirty days of the date of the award and $61,312.50 for the administrative fees and expenses of the AAA and the compensation of the arbitrator, totaling $415,914.55. In addition, the Award

---

[1] The facts set forth herein are all also set forth in the Declaration of Van Z. Krikorian, which is submitted in support of this motion.

4882-8102-4008.v3

is final and enforceable under the AAA's Commercial Arbitration Rules, the Federal Arbitration Act, and all other applicable law.

**B.      This Court Issued A Judgment Confirming The Arbitration Award.**

On February 18, 2021, Petitioners filed a Petition to Confirm an Arbitration Award, requesting this Court enter a judgment in Petitioners' favor in accordance with the terms of the Award.  Petitioners sought (and ultimately obtained) a judgment from this Court (a) confirming, recognizing, and enforcing the Award; and (b) entering judgment in Petitioners' favor against Respondent as set forth in the Award, including the Award's monetary damages with interest and the injunctive relief the Award provided.

On July 6, 2021, this Court issued a Memorandum and Order granting the Petition to Confirm an Arbitration Award and confirming the underlying arbitration award.  In addition, in its Memorandum and Order, the Court directed the Clerk to enter judgment against Respondent, requiring satisfaction of money damages in the amount of $415,914.55, enjoining Respondent from bringing any judicial proceeding against Petitioners concerning the underlying dispute, and requiring Respondent to provide Petitioners with all documents in Respondent's possession relating to Petitioners that he obtained or created in the course of the duties he owed to Petitioners. The next day, July 7, 2021, the Clerk entered Judgment against Respondent (the "Judgment") consistent with this Court's Memorandum and Order

To date, despite having been served with a copy of the Judgment, Respondent has not satisfied any portion of the money judgment against him.

**C.      Respondent Owns Shares In Global Gold Corporation.**

As set forth in the Declaration of Van Z. Krikorian ("Krikorian"), Hyegate's Manager, Respondent is the record owner of 7,211 shares in Global Gold (identified above as the "Shares"), valued at $7,211.00 according to Yahoo! finance.  Krikorian knew of Respondent's ownership of

3

the Shares because Respondent's Shares are listed on the official register of Shares held by the independent transfer agent.

Petitioners obtained a Writ of Execution (the "Writ") on November 17, 2021, to satisfy a portion of the Judgment by levying upon the Shares. Notably, PST serves as the transfer agent for Global Gold and tracks the ownership of publicly traded shares of Global Gold. Subsequently, Krikorian, as Petitioners' representative, arranged for PST to receive the Writ and asked PST to transfer the shares held by Respondent to Petitioners. However, despite having served the Writ upon PST, Petitioners have been unable to collect any portion of the money Respondent owes Petitioners. Petitioner requested that PST transfer in its records the Shares from Respondent to Petitioner Hyegate in partial satisfaction of the Judgment. However, PST advised that it was unable to initiate the transfer because the Shares were certificated instruments and likely in Respondent's possession in Armenia. Because certificated shares are paper instruments that require physical possession to establish ownership and facilitate conveyance, PST informed Krikorian that it would be unable to transfer the Shares. Nevertheless, PST explained that the Shares could be turned over to Petitioners by canceling Respondent's certificated shares and issuing new electronic or certificated shares to Petitioner Hyegate. Further, PST appeared willing to perform the actions necessary to complete the transfer of the Shares in this manner and indicated it would do so upon an order by this Court.

## ARGUMENT

**A.      This Court Has The Authority To Enter the Relief Sought.**

"A motion to enforce a money judgment is governed by Fed. R. Civ. P. 69(a), which provides that 'proceedings supplementary to and in aid of judgment or execution . . . must accord with the procedure of the state where the court is located.'" CSX Transp., Inc. v. Island Rail Terminal, Inc., 879 F.3d 462, 468 (2d Cir. 2018) (quoting FED. R. CIV. P. 69(a)). Under

4

N.Y. C.P.L.R. § 5225(b), a judgment creditor is authorized to "commence a 'special proceeding' against a third party who 'is in possession or custody of money or other personal property' in which the judgment debtor has an interest." Id. (quoting N.Y. C.P.L.R. § 5225(b)). However, "[t]he Second Circuit has made clear that in federal court, a party seeking a money judgment against a non-party garnishee may proceed by motion and need not commence a special proceeding, as long as the court has personal jurisdiction over the garnishee." Allstar Marketing Group, LLC v. AFACAI, 20 Civ. 8406 (JPC), 2021 WL 2555636, at *5 (S.D.N.Y. June 22, 2021) (quoting CSX, 879 F.3d at 469); see also Koehler v. Bank of Bermuda, Ltd., 911 N.E.2d 825 (N.Y. 2009). A garnishee is "a person other than the judgment debtor who has property in his possession or custody in which a judgment debtor has an interest." N.Y. C.P.L.R. § 105(i).

To determine personal jurisdiction, the Second Circuit applies a two-step analysis, asking (1) "whether the [party] has sufficient minimum contacts with the forum to justify the court's exercise of personal jurisdiction"; and (2) "whether the assertion of personal jurisdiction is reasonable under the circumstances of the particular case." Porina v. Marward Shipping Co., Ltd., 521 F.3d 122, 127 (2d Cir. 2008) (internal quotation marks omitted). A court will exercise specific "jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum." Id. at 128 (internal quotation marks omitted). General jurisdiction, in contrast to specific jurisdiction "is based on a defendant's general business contacts with the forum[] and permits a court to exercise its power in a case where the subject matter of the suit is unrelated to those contacts." Id. (internal quotation marks omitted).

Here, this Court has personal jurisdiction over Respondent, PST, and Global Gold. Respondent participated in an arbitration in New York and has already had a Judgment entered against him by this Court. To the extent the Court has concerns about PST and Global Gold, both

are also subject to this Court's authority. Global Gold is located in Rye, New York, which is within this district. Moreover, general personal jurisdiction over PST exists because PST regularly engages in business in New York, including doing business with Global Gold Corporation, whose principal place of business is Rye, New York. Thus, Petitioners may proceed by motion before this Court to enforce its Judgment against Respondent, and the Court may order PST to turn over Respondent's Shares to Petitioner Hyegate.

### B. This Court Should Order PST To Cancel Respondent's Certificated Shares And Issue New Shares To Petitioner Hyegate.

"N.Y. C.P.L.R. § 5225(b) requires a two-part showing before the Court can order [a] third party to turn over . . . money to the judgment creditor": (1) "the judgment creditor must show that the judgment debtor has an interest in the property that the creditor is trying to reach"; and (2) "the Court must find . . . that the judgment debtor is entitled to the possession of such property, or that the judgment creditor's rights to the property are superior to the party who controls or possesses that property." Commodities & Mins. Enter. Ltd. v. CVG Ferrominera Orinoco, C.A., 423 F. Supp. 3d 45, 51 (S.D.N.Y. 2019) (internal quotation marks and citations omitted).

Here, Petitioners can demonstrate that both prongs of N.Y. C.P.L.R. § 5225(b) are satisfied.

#### 1. Petitioners Have an Interest in the Property They Are Trying to Reach.

The first prong of N.Y. C.P.L.R. § 5225(b) is satisfied because the property Petitioners are trying to reach is Respondent's Shares in Global Gold, and this property is subject to this Court's July 7, 2021, Judgment and the November 17, 2021, Writ of Execution.

#### 2. Respondent Is Entitled to Possess the Shares.

The second prong of N.Y. C.P.L.R. § 5225(b) may be satisfied in one of two ways: (i) by showing that Respondent is entitled to the Shares; or (ii) by showing that Petitioners' rights to the Shares are superior to the party who controls or possesses the Shares. Here, both elements of the

second prong are satisfied. As the owner of the certificated shares, Respondent (the Judgment Debtor) is entitled to possession of the Shares. Alternatively, Petitioners' rights to the Shares are superior to PST and Respondent because Petitioners obtained a valid Judgment against Respondent, and PST was served a Writ of Execution in an amount greater than the value of the Shares. Nevertheless, to date, Respondent has failed to make any effort to pay Petitioners.

Accordingly, because Petitioner has made the two-part showing required by N.Y C.P.L.R. § 5225(b), this Court should order PST to cancel Respondent's certificated shares and issue new electronic or certificated shares to Petitioner Hyegate.

4882-8102-4008.v3

**CONCLUSION**

For the foregoing reasons, this Court should grant Petitioner Hyegate, LLC and its wholly owned subsidiaries, DAP, LLC; and Aragats Perlite OJSC's Motion to Enforce a Money Judgment and Order Pacific Stock Transfer Company to cancel Respondent Ashot Boghossian a/k/a Ashot Poghosyan's certificated shares and issue new shares in Petitioner Hyegate's name in partial satisfaction of this Court's June 7, 2021, Judgment against Respondent.

Dated: February 22, 2022

> Respectfully submitted,
>
> /s/ Adam K. Derman
> Adam K. Derman, Esq.
> Daniel D. Barnes, Esq.
> CHIESA SHAHINIAN & GIANTOMASI PC
> Eleven Times Square, 34th Floor
> New York, NY 10007
> Email: aderman@csglaw.com
> Email: dbarnes@csglaw.com
> *Attorneys for Petitioner Hyegate, LLC, and its wholly owned subsidiaries, DAP, LLC; and Aragats Perlite OJSC*

4882-8102-4008.v3