CHIESA SHAHINIAN & GIANTOMASI PC
Eleven Times Square, 34th Floor
New York, NY 10036
212-973-0572
Adam K. Derman, Esq.
Daniel D. Barnes, Esq.
*Attorneys for Hyegate, LLC, and its wholly owned subsidiaries, DAP, LLC; and Aragats Perlite OJSC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE PETITION TO CONFIRM ARBITRATION AWARD DATED JANUARY 11, 2021 | Civil Action No. 1:21-cv-01450 (JGK) |
| | **DECLARATION OF VAN Z. KRIKORIAN IN SUPPORT OF MOTION TO ENFORCE A MONEY JUDGMENT** |
| HYEGATE, LLC and its wholly owned subsidiaries, DAP, LLC; and ARAGATS PERLITE OJSC,<br><br>            Petitioners,<br>vs.<br><br>ASHOT BOGHOSSIAN, a/k/a Ashot Poghosyan,<br><br>            Respondent. | |

   I, VAN Z. KRIKORIAN, Manager, Hyegate, LLC ("Hyegate"), pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct:

   1. I am an attorney at law, admitted to practice in the state and federal courts in New York. I serve as the Manager of Hyegate, and I am authorized to make this Declaration in support of Petitioners Hyegate, LLC; DAP, LLC ("DAP"); and Aragats Perlite OJSC's ("APO") (collectively "Petitioners") Motion to Enforce a Money Judgment.

4891-2590-4135.v5

2.  Through this motion, pursuant to FED. R. CIV. P. 69(a), Petitioners seek an Order from this Court to enforce the Judgment this Court entered against Respondent Ashot Boghossian, a/k/a Ashot Poghosyan ("Respondent") confirming Petitioners' Arbitration Award. True and accurate copies of (a) the Judgment entered by this Court; and (b) the underlying Arbitration Award (the "Award"), which was confirmed through the Judgment, are attached hereto as Exhibit A and Exhibit B, respectively.

A.  **Petitioners Prevailed In An Arbitration Against Respondent.**

3.  Petitioners prevailed in an arbitration against Respondent in the City of New York, County of New York, State of New York. The arbitration was initiated by Petitioners on January 3, 2020. The Final Award in Petitioner's favor was entered on December 11, 2020 (identified above as the "Award").

4.  The arbitration was captioned, "HYEGATE, LLC and its wholly owned subsidiaries DAP, LLC and ARAGATS PERLITE, OJSC Claimants, v. ASHOT BOGHOSSIAN (a.k.a. Ashot Poghosyan) Respondent," and conducted before an arbitrator appointed under the auspices of the International Centre for Dispute Resolution of the American Arbitration Association (the "AAA"), operating pursuant to the AAA's Commercial Arbitration Rules.

5.  Petitioners were the Claimants in the Arbitration and are the Judgment Creditors pursuant to the Judgment. Petitioners include (a) Hyegate, a New York limited liability company; (b) Hyegate's subsidiary, DAP, a Delaware limited liability company; and (c) DAP's subsidiary, APO, an Armenian company whose primary business is the operation of the Aragats Perlite Mine in Aragatsavan, Armenia (the "Mine"). Hyegate and DAP maintain offices at 5 Fredrick Court, Harrison, New York 10528.

6.  Respondent is Ashot Boghossian, a/k/a Ashot Poghosyan, an Armenian lawyer and businessman. His last known address is 7 Nalbandian Street, Etchmiadzin 0051, Armenia.

Respondent in the instant action was the Respondent in the Arbitration and is the Judgment Debtor pursuant to the Judgment.

7. As set forth above, Petitioners prevailed in the arbitration, and the arbitrator issued an Award in Petitioners' favor that was final and enforceable under the AAA's Commercial Arbitration Rules, the Federal Arbitration Act, and all other applicable law.

8. The Award required, among other things, that Respondent pay Petitioners $354,602.05 within thirty days of the date of the award and $61,312.50 for the administrative fees and expenses of the AAA and the compensation of the arbitrator, totaling $415,914.55. Exhibit B at 17.

**B.     This Court Issued a Judgment Confirming the Arbitration Award.**

9. On February 18, 2021, Petitioners filed a Petition to Confirm an Arbitration Award, requesting this Court enter a Judgment in Petitioners' favor in accordance with the terms of the Award. A true and accurate copy of the Petition (without exhibits) is attached hereto as Exhibit C.

10. Petitioners sought, and ultimately obtained, a Judgment from this Court (a) confirming, recognizing, and enforcing the Award; and (b) entering judgment in Petitioners' favor against Respondent as set forth in the Award, including the Award's monetary damages with interest and the injunctive relief the Award provided.

11. On July 6, 2021, this Court issued a Memorandum and Order granting the Petition to Confirm an Arbitration Award and confirming the underlying arbitration award. A true and accurate copy of the Memorandum and Order is attached hereto as Exhibit D.

12. In addition, in its Memorandum and Order, the Court directed the Clerk to enter Judgment against Respondent, requiring satisfaction of money damages in the amount of $415,914.55, enjoining Respondent from bringing any judicial proceeding against Petitioners

concerning the underlying dispute, and requiring Respondent to provide Petitioners with all documents in Respondent's possession relating to Petitioners that he obtained or created in the course of the duties he owed to Petitioners.

13. On July 7, 2021, consistent with this Court's Memorandum and Order, the Clerk entered Judgment against Respondent. See Exhibit A.

14. Petitioners served Respondent with a copy of the Judgment. A true and accurate copy of the Proof of Service previously filed with the Court is attached as Exhibit E.

15. To date, Respondent has not satisfied any aspect of the Judgment.

C. **Petitioners Were Unable To Use A Writ Of Execution To Enforce The Judgment Without Further Court Order.**

16. In addition to my role as Hyegate's Manager, I am also the Chief Executive Officer ("CEO"), Chairman, and a Director of Global Gold Corporation ("Global Gold"), a Delaware corporation with its principal place of business in Rye, New York, whose business is international gold mining and exploration.

17. Shares of Global Gold are traded on the "OTC Markets" Platform with the trading symbol "GBGD." See https://www.otcmarkets.com/. Pacific Stock Transfer Company ("PST") serves as the transfer agent for Global Gold and tracks the ownership of publicly traded shares of Global Gold.

18. I learned from the transfer agent that Respondent is the record owner of 7,211 certificated shares (the "Shares") in Global Gold. According to Yahoo! finance, Global Gold shares are valued as of February 22, 2022, at $1.00 per share, resulting in a total value of $7,211.00. A true and accurate copy of the Yahoo! finance webpage is attached hereto as Exhibit F.

4

19.    On November 17, 2021, as part of their efforts to collect the money damages required by the Judgment, Petitioners obtained from the Clerk of this Court a Writ of Execution (the "Writ"). The Writ was obtained so that Petitioners could attempt to enforce the Judgment by levying upon the Shares. A true and accurate copy of the Writ is attached hereto as Exhibit G.

20.    Petitioners sought the Writ because Respondent owned publicly traded shares in Global Gold.

21.    On or about November 19, 2021, I arranged for PST to receive the Writ and asked that entity to transfer the shares held by Respondent to Petitioners. However, despite having served the Writ upon PST, Petitioners have been unable to collect any portion of the money Respondent owes Petitioners.

22.    PST, through its counsel, advised that it was unable to perform the transfer because the Shares were "certificated." Certificated shares have paper documents evidencing their existence and ownership. Thus, although PST has a record that Respondent owns the Shares, PST indicated it was unable to transfer them to Petitioners to partially satisfy the Judgment.

23.    Moreover, based on information and belief, the Shares are in possession of Respondent/Judgment Debtor in Armenia, beyond the reach of a U.S. Marshal, a New York State Sheriff, or other local official authorized to seize Respondent's property.

24.    Nevertheless, PST advised that the Shares could be turned over to Petitioners in the Southern District of New York through a cancelation of Respondent's certificated shares and the issuance of new electronic or certificated shares to Petitioner Hyegate.

25.    PST has advised that it will honor an Order from this Court by canceling Respondent's certificated shares and issuing new electronic shares to Petitioner Hygeate. As a result, Petitioners have no choice but to seek the relief requested in this motion.

26. In sum, Petitioners seek an Order from this Court directing PST to cancel the certificated Shares in Global Gold issued in Respondent's name and issue new shares to Petitioner Hyegate in partial satisfaction of the Judgment.

**WHEREFORE**, Petitioners Hyegate, LLC and its wholly owned subsidiaries, DAP, LLC; and Aragats Perlite OJSC respectfully request this Court to issue an Order directing PST to cancel Respondent Ashot Boghossian, a/k/a Ashot Poghosyan's certificated shares and to issue new electronic or certificated shares to Petitioner Hyegate in partial satisfaction of the Judgment against Respondent.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 22, 2022.

By: /s/ Van Z. Krikorian
      VAN Z. KRIKORIAN

4891-2590-4135.v5