UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————————

HYEGATE, LLC ET AL.,

                      Petitioners,

         - against -

ASHOT BOGHOSSIAN,
                   Respondent.
————————————————————————————

21-cv-1450 (JGK)

MEMORANDUM OPINION AND
ORDER

JOHN G. KOELTL, District Judge:

    On July 6, 2021, this Court granted the petitioners' petition to confirm an arbitration award against the respondent. ECF No. 30. On July 7, 2021, the Clerk of Court entered a judgment against the respondent, awarding the petitioners $354,602.05 in damages and $61,312.50 in arbitration fees. ECF No. 31. As of the date of this Order, the respondent has made no effort to satisfy the judgment.

    The petitioners now seek to enforce their money judgment by directing the Pacific Stock Transfer Company (the "PST") to transfer the respondent's shares in Global Gold Corporation ("Global Gold"), worth approximately $7,211.00, to the petitioners. ECF No. 33. The motion was served on the respondent, and the respondent has failed to respond. See ECF No. 35. The motion papers were also served on PST, which has not asserted any objections. See ECF No. 40-1.

                                 I.

    Federal Rule of Civil Procedure 69(a)(1) provides, in relevant part, that the "procedure on execution" in federal court

upon a money judgment "must accord with the procedure of the state where the court is located."[1] Article 52 of New York's Civil Practice Law and Rules ("N.Y. C.P.L.R.") governs the enforcement and collection of money judgments in New York. See N.Y. C.P.L.R. §§ 5201-53. Where property is not in the possession of a judgment debtor, N.Y. C.P.L.R. § 5225(b) authorizes a judgment creditor to commence a "special proceeding . . . against a person in possession or custody of money or other personal property in which the judgment debtor has an interest."

## A.

As a threshold matter, the Court must decide whether it has the authority to grant the petitioners' motion. In the Second Circuit, "a party seeking a money judgment against a non-party garnishee may proceed by motion and need not commence a special proceeding, as long as the court has personal jurisdiction over the garnishee." CSX Transportation, Inc. v. Island Rail Terminal, Inc., 879 F.3d 462, 469 (2d Cir. 2018). N.Y. C.P.L.R. § 105(i) defines a non-party garnishee as "a person other than the judgment debtor who has property in his possession or custody in which a judgment debtor has an interest."

In this case, the Court has personal jurisdiction over PST, and the petitioners may proceed by motion to enforce their judgment against the respondent. While there is no showing that

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, citations, footnotes, and internal quotation marks in quoted text.

the Court has general personal jurisdiction over PST because there is no proffer that it is incorporated in New York or has its principal place of business in New York, the Court has specific jurisdiction over PST pursuant to N.Y. C.P.L.R. § 302. PST regularly transacts business in New York, see ECF No. 33-2 ¶¶ 16, 17, and petitioners' motion has a substantial relationship to PST's business operations in New York, cf. Fabric Selection, Inc. v. A & T Trading US, Inc., No. 20-mc-864, 2021 WL 811371, at *5 (E.D.N.Y. Feb. 5, 2021), report and recommendation adopted sub nom. Fabric Selection, Inc. v. A&T Trading US, Inc., 2021 WL 810340 (E.D.N.Y. Mar. 3, 2021). The Court therefore has specific personal jurisdiction over PST under New York law. Because the Court's exercise of jurisdiction over PST also comports with constitutional due process, see Minnie Rose LLC v. Yu, 169 F. Supp. 3d 504, 515 (S.D.N.Y. 2016) (listing relevant factors), and the petitioners have demonstrated that PST was properly served with process, see ECF No. 40-1, the Court has personal jurisdiction over the non-party garnishee. Accordingly, the Court has the authority to grant the petitioners' motion. See Fabric Selection, 2021 WL 811371, at *5.

## II.

The Court therefore proceeds to the merits of the petitioners' motion. "N.Y. C.P.L.R. § 5225(b) requires a two-part showing before the Court can order the third party to turn over the money to the judgment creditor." Commodities & Mins. Enter.

3

Ltd. v. CVG Ferrominera Orinoco, C.A., 423 F. Supp. 3d 45, 51 (S.D.N.Y. 2019). First, the judgment creditor must "show the judgment debtor has an interest in the property that the creditor is trying to reach." Id. Second, "the Court must find either that the judgment debtor is entitled to the possession of such property, or that the judgment creditor's rights to the property are superior to those of the party who controls or possesses that property." Id.

In this case, both prongs are met, and the motion should be granted. The first prong is met, because the property that the petitioners are trying to reach is the respondent's shares in Global Gold. See ECF No. 33-2 ¶¶ 18, 22. The second prong of N.Y. C.P.L.R. § 5225(b) is also met, because the respondent is entitled to the shares of Global Gold. Moreover, PST was properly served with the motion, as required by N.Y. C.P.L.R. § 5225(b). See ECF No. 40-1. Accordingly, the respondent's shares of Global Gold held by PST are properly the subject of a turnover order under N.Y. C.P.L.R. § 5225(b). See Fabric Selection, 2021 WL 811371, at *6-7.

### III.

The petitioners' motion to enforce the judgment is **granted.** The Court will sign the petitioners' proposed order. The Clerk is directed to close Docket No. 33.

**SO ORDERED.**

Dated:    **New York, New York**
           **May 11, 2022**

                      **John G. Koeltl**
             **United States District Judge**